**NOT FOR PUBLICATION**



# FILED

JUN 14 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELEONORA IGOVA, | No.    16-56915 |
| Petitioner-Appellant, | D.C. No.<br>2:14-cv-01580-BRO-MRW |
| v. | |
| MARY LATTIMORE, Warden, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Beverly Reid O'Connell, District Judge, Presiding

Submitted November 9, 2018[**]
Pasadena, California

Before:  RAWLINSON, MELLOY,[***] and HURWITZ, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Michael J. Melloy, United States Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

Petitioner-appellant Eleonora Igova (Igova) appeals the district court judgment denying her petition for a writ of habeas corpus under 28 U.S.C. § 2254. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review *de novo* a district court's decision to deny a habeas corpus petition under 28 U.S.C. § 2254(d). *See Tamplin v. Muniz*, 894 F.3d 1076, 1082 (9th Cir. 2018). Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), when a state court adjudicates a claim on the merits, § 2254 relief may be granted only if the state court decision was "(1) contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) if the state court decision rests on "an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d); *see also Tamplin,* 894 F.3d at 1082. This standard is "highly deferential and difficult to meet." *Rowland v. Chappell*, 876 F.3d 1174, 1181 (9th Cir. 2017) (citation and internal quotation marks omitted), *cert. denied*, 139 S. Ct. 323 (2018). We review the "last reasoned decision" of the state courts. *White v. Ryan*, 895 F.3d 641, 665 (9th Cir. 2018). In this case, the last reasoned decision was that of the California Court of Appeal.

**1.** The California Court of Appeal found no reversible error in the following comments by the prosecutor:

1.  Comments that Igova challenged as improper attacks on defense counsel, such as that defense counsel would "twist the evidence."

2.  A comment that Igova challenged as "pitting the prestige of the State against her" by telling jurors not to "fall for" the defense theory.

3.  Comments challenged as intended to incite jury prejudice, such as "mocking" defense counsel for objecting.

4.  Comments disparaging the defense expert, such as informing the jury that he was paid by the defense.

5.  A comment that Igova and the victim were the only ones in the apartment, challenged as commenting on her failure to testify.

6.  Comments that Igova never called for help, and that the defense could have tested the evidence, challenged as improper vouching.

7.  Comments on the victim's last words, challenged as urging the jury to consider the victim's last thoughts.

8.  Comments challenged as mischaracterizing the burden of proof and reasonable doubt standard.

Prosecutors' comments only rise to the level of constitutional error if they "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (citation omitted). Under this standard, the Court of Appeal's conclusions of no error were not unreasonable. *See id*. at 181-82.

**2.** The Court of Appeal found error as to the following acts of the prosecutor, but concluded that any error was harmless:

1.  A comment that the defense expert would have testified that smoking was good for a person, if the expert were paid enough.

2.  Several comments that could be fairly interpreted as urging an inference of guilt based on Igova's failure to testify, thereby violating *Griffin v. California*, 380 U.S. 609 (1965).

3.  Misstatement of the evidence regarding gunshot residue.

The Court of Appeal's conclusion of harmless error was again reasonable, as the evidence against Igova was overwhelming. *See United States v. Carpenter*, 923 F.3d 1172, 1183-84 (9th Cir. 2019).

**3.** Igova's jury misconduct claim (that jurors improperly considered Igova's failure to testify) is an offshoot of her *Griffin* error claim against the prosecutor. As a threshold matter, the juror declaration submitted by Igova is not admissible under California law or federal law. *See* Cal. Evid. Code § 1150(a); *see also* Fed. R. Evid. 606(b)(1). In any event, this claim fails for the same reason as Igova's related claim of prosecutorial misconduct, *i.e.*, a lack of prejudice. *See Carpenter*, 923 F.3d at 1183-84.

**4.** Finally, we conclude that the Court of Appeal's rejection of Igova's cumulative error claim was reasonable. Given the overwhelming evidence of guilt, "it is more probable than not that, taken together, [any errors] did not materially

4

affect the verdict." *United States v. Fernandez*, 388 F.3d 1199, 1257 (9th Cir. 2004) (citations omitted).

**5.**  Construing Igova's reference to ineffective assistance of counsel as a request to expand the certificate of appealability, *see* Ninth Cir. R. 22-1(e), we decline the request because jurists of reason could not "conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (citation omitted).

**AFFIRMED.**